In the Matter of the Arbitration between A/S J. LUDWIG MOWINCKELS REDERI, Appellant, and DOW CHEMICAL COMPANY et al., Respondents.

First Department, March 11, 1969.

*R. Glenn Bauer* of counsel (*M. E. DeOrchis* and *Thacher W. White* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*Gray Williams* of counsel (*George B. Warburton* with him on the brief; *Hill Rivkins Warburton McGowan & Carey,* attorneys), for respondents.

McNALLY, J. On December 1, 1964, petitioner and respondents entered into a written agreement whereby petitioner agreed to furnish tankers for the carriage of chemicals. The contract provides petitioner shall be entitled to the privileges, rights and immunities contained in sections 3 (subd. [6]), 4 and 11 of the Carriage of Goods by Sea Act (" Act "). (U. S. Code, tit. 46, § 1300 *et seq.*) The Act provides the carrier shall be discharged from all liability unless suit is brought within one year after delivery of the goods. The contract also provides for arbitration of any dispute arising during the execution of the charter party. Respondents assert claims in regard to various shipments allegedly delivered more than one year prior to the

making of the claims. Petitioner contested the claims and respondents demanded arbitration. Thereupon petitioner instituted this proceeding for a stay of arbitration under CPLR 7502 (subd. [b]) on the ground that the claims were untimely.

CPLR 7502 (subd. [b]) provides: " If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration ".

Respondents contend for the application of the Federal Arbitration Act (U. S. Code tit. 9, § 4), which provides: " A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

CPLR 7502 (subd. [b]) enables the court to pass on the alleged time limitation. However, the Federal Arbitration Act limits the court to the issues of the making of the agreement and the failure. to comply with it. (*Prima Paint* v. *Flood & Conklin,* 388 U. S. 395, 404; *United States of America, etc.* v. *CIA Naviera Continental, SA,* 202 F. Supp. 698, 700.) If the Federal Arbitration Act controls, we do not reach the issue of time limitation.

It cannot be gainsaid that the agreement and the provision for arbitration are maritime contracts. The Federal Arbitration Act applies to " any maritime transaction or * * * a transaction involving commerce ". (U. S. Code, tit. 9, § 2.) The Act is based on the exclusive Federal power over interstate commerce and over admiralty. (*Prima Paint* v. *Flood & Conklin, supra,* p. 405.) It has been held that the Federal Arbitration Act creates national substantive rights governed by Federal and not State law. (*Robert Lawrence Co.* v. *Devonshire Fabrics,* 271 F. 2d 402, 409, cert. granted 362 U. S. 909, cert. dsmd. 364 U. S. 801.) It therefore follows that the Federal Arbitration Act controls, and the issue of time limitation is to be decided in arbitration.

Accordingly, the order denying a stay of arbitration should be affirmed, with costs.

STEUER, J. (dissenting). On this application for the stay of an arbitration the very narrow question presented is whether the applicable procedure is that provided for in the CPLR or that set out in the Federal Arbitration Act. Under the former, limitations is a preliminary question to be decided by the court (CPLR 7502, subd. [b]; under the latter, it is a matter for the arbitrators [Federal Arbitration Act; U. S. Code, tit. 9, § 3]; *Lowry & Co.* v. *S. S. Le Moyne D'Iberville,* 253 F. Supp. 396, 399). Special Term decided that the Federal act applied and hence did not reach the question of whether the claims are timely. Nor is that question here considered.

The matter sought to be arbitrated arises out of several claims for damage to merchandise during voyages at sea. The contract involved is designated a '' Tanker Voyage Charter Party.'' On two grounds, namely, that the contract is maritime, and that it involves foreign commerce, jurisdiction over the disputes emanating under it would be in the Federal courts. However, it is indisputable that Congress has given the State courts concurrent jurisdiction where the remedy sought is in pais and does not constitute an inroad on a harmonious system (*Romero* v. *International Term. Co.,* 358 U. S. 354, 373). This includes the right of a State court to compel arbitration in such matters (*Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109, revg. 233 N. Y. 373). When the *Red Cross* case was decided, there was no Federal arbitration procedure and the arbitration therein ordered was according to State law.

After enactment of the Federal Arbitration Act, an action arose in the United States courts for fraud in the inducement of a contract involving interstate commerce. A motion to stay the action pending arbitration was denied in the District Court on the ground that as Federal jurisdiction depended on diversity, the rule of *Erie R. R. Co.* v. *Tompkins* (304 U. S. 64) requiring Federal courts to follow State law in such cases applied; and according to the law so applicable, the validity of the contract (whether or not induced by fraud) must first be determined by the court. The Circuit Court of Appeals reversed (*Robert Lawrence Co.* v. *Devonshire Fabrics,* 271 F. 2d 402), holding that the Federal Arbitration Act created national substantive law which was to be applied in all cases where arbitration could be had under the Act. This holding was followed in *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.* (360 F. 2d 315). However, when the latter case reached the Supreme Court, that court, though affirming, specifically

refused to adopt the *Lawrence* rule. The court held (388 U. S. 395) that Congress could and did enact a law governing arbitration in the Federal courts, which included freeing the courts of any restrictions based on the *Erie* rule. However, the broader rule which imposed on the State courts the necessity of adhering to the Federal act in State court arbitrations was not adopted. This is pointed up by the fact that one Justice who urged that the *Lawrence* rule be confirmed stood alone (*Prima Paint v. Flood & Conklin, op. cit.;* 407).

The consequence is that procedure in arbitration in a State court is unaffected by the Federal Arbitration Act and remains what it was before that law was enacted; namely, governed by State law.

The order entered October 15, 1968, should be reversed on the law and the matter remanded to Special Term for further proceedings.

CAPOZZOLI, J. P., NUNEZ and BASTOW, JJ., concur with McNALLY, J.; STEUER, J., dissents in opinion.

Order entered October 15, 1968, affirmed, with $30 costs and disbursements to respondents.