40098. DiMAMBRO-NORTHEND ASSOCIATES et al. v. BLANCK-ALVAREZ, INC. et al.

SMITH, Justice.

This case arises out of a dispute between two partners collaborating on a water management facility construction project for the city of Atlanta. The principal question is whether an arbitration

provision included in the collaboration agreement between the partners covers the dispute at issue. The trial court ruled that the arbitration provision did not apply and appointed a receiver. We reverse.

In 1979 appellant DiMambro-Northend Associates entered into a collaborative agreement (characterized by the parties as "the collaborative") with Blanck-Alvarez for a construction project, while also complying with the city's minority business enterprise (MBE) requirements. Under the city of Atlanta's MBE plan, a contractor who, in bad faith, failed to maintain at least 25% minority participation on his project could be subject to liquidated damages of $3,000 per day.

Pursuant to the agreement, Blanck-Alvarez became a 25% financial participant in the collaborative, was vested with day to day responsibility for job-site matters, and was obligated to perform certain construction work on the project.

DiMambro-Northend became a 75% financial participant and was vested with overall management and control of the collaborative. With the knowledge and approval of DiMambro-Northend, Blanck and Alvarez were also hired independently as the project engineer and the project superintendent, respectively. Profits and losses of the collaborative were to be allocated in the same 75/25 ratio.

During the course of the project disputes arose which were not resolved in a timely manner and in February 1982, Blanck-Alvarez ceased to participate in the collaborative and Blanck and Alvarez ended their work as superintendent and project engineer before the completion of the project. In September 1982, Blanck-Alvarez filed a petition for the appointment of a receiver in superior court, complaining that the city of Atlanta's intent to assess $3,000 per day liquidated damages for violation of MBE regulations necessitated DiMambro-Northend's removal as manager of the project, that DiMambro-Northend was converting partnership property to its own use, that DiMambro-Northend was charging excessive management fees and interest on capital provided for this collaborative, that Blanck and Alvarez had been fired, that DiMambro-Northend had usurped control and day to day management of the worksite, and various other breaches of the contract between the parties to the collaborative. At that time about 85% of the project had been completed.

The superior court heard the matter two days later, but before an order was entered, DiMambro-Northend sought to remove to federal district court, based on diversity jurisdiction. The removal was denied and the case remanded in December 1982. In the meantime, DiMambro-Northend sued the city of Atlanta in October

1982, seeking to enjoin the assessment of liquidated damages. The city never answered and the parties quickly reached a settlement resulting in the withdrawal of the liquidated damages assessment. Also in October 1982, DiMambro-Northend filed a motion to stay the Blanck-Alvarez action pending arbitration pursuant to the pertinent clause of the contract between them.

On March 4, 1983, DiMambro-Northend filed a demand for arbitration with the American Arbitration Association against Blanck-Alvarez. The superior court acted on March 9, when it entered an order appointing a receiver and denying DiMambro-Northend's motion to stay pending arbitration finding that the issues presented were not subject to arbitration. DiMambro-Northend appeals to this court.

DiMambro-Northend makes eight enumerations of error which are divided into two groups. The first three involve the trial court's interpretation of the scope and applicability of the contract's arbitration clause, and the remaining five involve the issue of whether the court erred in appointing a receiver.

1. DiMambro-Northend contends that the court erred in denying its motion to stay pending arbitration because the arbitration clause of the agreement covers the disputes at issue in the suit and because the order denying its motion is violative of 9 USC § 3, the Federal Arbitration Act, which in such cases provides for a stay of litigation pending arbitration.

The arbitration provision in question states: "If, during the course of the Collaborative, the parties are unable to agree on any matter with respect to which a decision must be made by both parties, or if, on termination, no satisfactory arrangement can be made for settlement of each party's interest in the Collaborative, the dispute or disputes shall be subject to arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect, unless the parties shall agree otherwise."

DiMambro-Northend relies on Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., —— U. S. —— (103 SC 927, 74 LE2d 765) (1983), which it cites for the proposition that the statutory policy of rapid and unobstructed enforcement of arbitration agreements is binding on state as well as federal courts. The arbitration clause in Cone stated: " 'All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, . . . shall be decided by arbitration . . . . This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.' " Id. at 931. In construing the Arbitration Act and applying it to this clause the U. S. Supreme Court in Cone said that

the act embodies "a Congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act . . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 941-942. See also Id. at 942 nn. 7, 32 & 34. We accept and adopt this construction regarding the scope and purpose of the Arbitration Act and find that the arbitration clause at issue in the present case clearly falls within the ambit of the Act. *Hilton Constr. Co. v. Martin Mechanical Contractors,* 251 Ga. 701 (—— SE2d ——) (1983).

Courts of other states have also concluded that the Act is controlling in cases where there is a written provision in a contract evidencing a transaction involving commerce (defined in 9 USC § 1 as "commerce among the several states") to settle by arbitration a controversy arising out of the contract or transaction. See A/SJ. Ludwig Mowinckels Rederi v. Dow Chemical Co., 297 NYS2d 1011 (31 AD2d 372) (1969); Burke County Public Schools Board of Education v. Shaver Partnership, 303 NC 408 (279 SE2d 816) (1981).

Even though this is a construction project taking place wholly within Georgia, commerce among the several states is involved in that a Maryland firm (Blanck-Alvarez) and a Michigan partnership (DiMambro-Northend) were engaged in work in a third state, Georgia. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 360 F2d 315, 317 (2nd Cir. 1966); Burke County Public Schools v. Shaver, supra at n. 8. Therefore, in light of the decisions interpreting and applying the Federal Arbitration Act in these foregoing cases, we find that this case presents an issue referable to arbitration under an agreement in writing for such arbitration which should have been stayed pursuant to 9 USC § 3 upon application by the appellant in this matter, and that it was error to deny appellant's motion to stay pending arbitration.

2. As a result of this finding we need not review the appellant's remaining enumerations, which relate to the appointment of a receiver, an action which would not have occurred had the stay been properly granted.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 15, 1983.

708

*Stokes, Shapiro, Fussell & Genberg, Peter R. Weisz, Jay L. Lubetkin,* for appellants.

*Vaughn, Phears & Murphy, H. Wayne Phears, Maureen M. Middleton,* for appellees.