### 40937. GEORGIA BRANCH, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC. et al. v. CITY OF ATLANTA et al.
(321 SE2d 325)

GREGORY, Justice.

This case decides the question of the validity of an affirmative action ordinance of the City of Atlanta. The ordinance provides favored treatment for minority and female owned business enterprises in the award of city contracts. Appellants, associations of largely nonminority and nonfemale contractors, filed two separate suits, later combined in the trial court, seeking declaratory and injunctive relief as well as damages, costs and attorney fees. Grounds alleged for relief were the ordinance violates state and federal constitutional principles, state and federal statutes, and city code requirements. The trial court denied motions for summary judgment filed by the contractors and this court granted an application for interlocutory appeal. We reverse.

We must decide if the city possessed the authority to enact an ordinance for the purpose of correcting the effects of past discrimination, which is race and sex conscious. The corrective action taken was in the form of a requirement that percentages of the dollar value of certain contracts be allocated to special classes of business enterprises: (1) those owned by minorities or (2) females.

The ordinance was enacted by the Atlanta City Council in 1982. It is known as the MFBE Ordinance. (Minority and Female Business Enterprises), Chapter 5, Article M, Section 5-516 et seq. of the Code of the Ordinances of the City of Atlanta. Under the ordinance a project is eligible if the city: spends $25,000 or more for construction or repair to real estate; spends funds for professional or consultant services where work by more than one professional is anticipated; or, grants concession rights in excess of $25,000 per annum in value. A minority business enterprise (MBE) is defined as a business entity of which at least 51 percent of the ownership and control is by minority persons. The same percentage of ownership and control is established for a female business enterprise (FBE). A minority person is either Asian, Black, Hispanic, or Native American. These several terms are also defined. The Mayor is required to set separate goals annually for MBE and FBE participation. While the Mayor has not set goals as required, it is undisputed that the Office of Contract Compliance of the city has enforced the ordinance by requiring 20 percent to 35 per-

cent MBE participation on most projects. See, *DiMambro-Northend Assoc. v. Blanck-Alvarez, Inc.*, 251 Ga. 704 (309 SE2d 364) (1983).

1. As indicated above, the appellants have attacked the MFBE ordinance on a number of grounds including alleged violations of the federal constitution and federal statutes. We decide the case entirely on the issue of the authority of the city under state law to enact the ordinance. This renders unnecessary any analysis of the merits of affirmative action measures under constitutional considerations. See Regents of the University of California v. Bakke, 438 U. S. 265 (98 SC 2733, 57 LE2d 750) (1978); Fullilove v. Klutznick, 448 U. S. 448 (100 SC 2758, 65 LE2d 902) (1980). In addressing first the non-constitutional state law grounds we adhere to the established rule of this court. *City of Columbus v. Stubbs*, 223 Ga. 765, 767 (158 SE2d 392) (1967); *Great Atlantic &c. Co. v. City of Columbus*, 189 Ga. 458, 465 (6 SE2d 320) (1939).

2. In an act reincorporating the City of Atlanta under a new charter, the legislature established certain requirements governing purchasing procedures:

"SECTION 6-402. PURCHASING PROCEDURES. The governing body shall prescribe by ordinance and resolution the procedures for all purchases of real and personal property by the City. Competitive bidding shall be required for purchases and contracts under rules of the governing body, and awards shall be made to the lowest and/or best bidder; provided, the governing body by ordinance may authorize the purchase of goods, materials, supplies, equipment and services without the receipt of formal sealed bids where the price does not exceed a specified dollar amount as defined therein. Prior to the making of purchases and contracts, the availability of adequate funds shall be certified by the Director of Finance as provided by ordinance." Ga. L. 1973, p. 2188 at 2247.

The charter of the city thus requires the award of contracts to the "lowest and/or best bidder." The quoted phrase is not defined in the charter but it and similar phrases are frequently used. In *Hilton Constr. Co. v. Rockdale County Bd. of Education*, 245 Ga. 533 (266 SE2d 157) (1980), there was a State School Board Regulation which required state funded projects be awarded to "the responsible bidder submitting the lowest acceptable bid." In spite of this requirement the county school board awarded a construction contract to the second lowest bidder on the basis the second lowest bidder was known to the board while the lowest bidder was unknown to the board. We held that reason was not an adequate reason, under the regulation, to reject the low bid. The phrase "lowest responsible bidder" was the requirement for awarding a construction contract in City of Inglewood-L.A. County Civic Center Auth. v. Superior Court, 103 Cal. Rpt. 601, 500 P2d 601 (1972). The contract was awarded to a contractor other

than the lowest bidder because the higher bidder was determined to be superior in ability to perform the contract. But, no determination was made that the lowest bidder was not qualified, hence "responsible" to do the work. The California Supreme Court rejected this approach and in essence held that "lowest responsible bidder" means the lowest bidder must be awarded the contract unless found not qualified. Beyond that, there was to be no award based upon degree of qualification. The court accepted the argument of counsel which stated the purpose of the bid requirement to be to insure the interest of the public in having contracts awarded without favoritism so that projects will be done, ". . . without excessive cost, and constructed at the lowest price consistent with the reasonable quality and expectation of completion." We perceive the Atlanta City Charter requirement of "lowest and/or best bidder" to have a similar purpose.

In the context of an affirmative action ordinance akin to the MFBE ordinance which we have before us, the Alabama court considered the impact of a statute requiring contracts be awarded to, "the lowest responsible bidder" in Arrington v. Associated General Contractors, 403 S2d 893 (SC Ala. 1981). The affirmative action ordinance required ten percent of each contract be expended with minority business enterprises. Since the affirmative action ordinance would directly conflict with the state bid requirement where the lowest responsible bid did not undertake to expend at least ten percent of the contract amount with minority business enterprises, the Alabama court held the ordinance must yield to the state statute. Again, in an affirmative action versus bid requirements case, the Ninth Circuit Court of Appeals, applying California law, reached the same result. Associated Gen. etc. v. San Francisco Unified Sch., 616 F2d 1381 (1980). To arrive at the state law rule, the federal court determined the California Supreme Court would construe the bid requirement language, "lowest responsible bidder" to preclude considering any factor other than, (1) bid amount, (2) minimum financial and skills qualifications of bidder, and (3) quality of bidder's past work.

We hold the legislative purpose in the Atlanta City Charter requirement of "lowest and/or best bidder" was to further the cause that contracts be awarded without favoritism to obtain reasonable quality at the lowest cost. The MFBE ordinance requiring certain percentages of contracts measured in dollar value be awarded on the basis of race and sex conflicts with the legislative intent and purpose embodied in the bid requirement. Therefore, the ordinance is void. OCGA § 36-35-3 (a).

3. The city argues the charter, § 6-402 (a), supra, authorizes the city to make rules to govern competitive bidding, and that pursuant to this authority rules have been enacted. One of these rules requires compliance with the MFBE ordinance. Section 5-5043 (g) of the Code

of Ordinances of the City of Atlanta. However, we hold the charter provision allowing for rules to govern the competitive bidding process must be read in conjunction with the express command that the award shall be made to the lowest and/or best bidder. No rule enacted by the city is valid which requires an award be made to any except the lowest and/or best bidder as that phrase is interpreted in Division 2 above.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 11, 1984.

*Stokes, Shapiro, Fussell & Genberg, J. Ben Shapiro, Jr., Charles V. Choyce, Jr., Smith, Currie & Hancock, Overton A. Currie, Robert B. Ansley, Jr., Philip E. Beck,* for appellants.

*Marva Jones Brooks, Gary S. Walker, Alford J. Dempsey, Jr., Flora B. Devine,* for appellees.

*Ben B. Blackburn, G. Stephen Parker, Robert B. Baker,* amicus curiae.