Jimmy L. WATERS, Plaintiff,

v.

William J. BUCKNER, Eddie McCullum, City of Canton, a Municipal Corporation, Defendants.

Civ. A. No. 1:87–CV–1015–JOF.

United States District Court, N.D. Georgia.

Sept. 27, 1988.

H. Michael Bray, Canton, Ga., Clifford H. Hardwick, Roswell, Ga., for plaintiff.

Arthur H. Glaser, Beverly Holland, Pritchard, Drew, Eckl & Farnham, Atlanta, Ga., William Grady Hasty, Jr., Roach, Hasty & Geiger, Canton, Ga., Jon B. McPhail, Sari Bayla Marmur, and McKenzie & McPhail, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on all parties' motions for summary judgment. This action was brought in May, 1987 by the plaintiff under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that the defendants William Buckner and Eddie McCullum as officers for the City of Canton, conspired to terminate the plaintiff from his position as chief of police for the City of Canton and therefore deprive him of his constitutional rights. Complaint, Count One. Plaintiff has also made general allegations that defendant Buckner gave him an unfavorable personnel review and made certain false accusations and treated him differently than other employees, primarily in retaliation for the plaintiff alleging that Buckner had an improper relationship with a female police officer and that Buckner was involved in the purchase of an automobile from his father-in-law's car dealership which was not fit for use as a police car. Complaint, Counts Two and Three. Plaintiff also alleged in his complaint that he was terminated without an opportunity to respond to the charges raised against him and without a fair and impartial hearing. *Id.*, Count Three. Plaintiff alleged that the city did not give him a hearing as required under city ordinances and deprived him of his due process rights. Complaint, Count Three and Four.

Defendants moved for summary judgment on May 9, 1988, one by defendants McCullum and Buckner, and the other by the City of Canton. In response to both motions for summary judgment, plaintiff filed his own cross motion for summary judgment on June 13, 1988. However, an order entered by this court on April 19, 1988 extended the time to file motions for summary judgment by all parties up until May 9, 1988. Therefore, plaintiff's motion for summary judgment will be DENIED as untimely, and will be treated solely as a response to both motions for summary judgment.

## I. STATEMENT OF THE CASE.

Local Rule 220–5(b)(2) provides that any statements of material facts in a moving party's statement which are not specifically controverted by the respondent are deemed to have been admitted.[1] The following facts are derived from the parties' statements and the record on file with the court. Defendant Buckner was the city manager for the City of Canton, Georgia, at all times relevant to this motion. Buckner was the plaintiff's immediate supervisor from October, 1984 to January 2, 1987. Waters Depo., p. 56. Defendant McCullum was Director of Public Safety for the City of Canton, Georgia, beginning January 2, 1987. McCullum Depo., p. 5. McCullum was the plaintiff's supervisor after January 2, 1987. Waters Depo., p. 56. In February of 1987, Buckner prepared an evaluation of the plaintiff which was unfavorable. Waters Depo., Exhibit 2. Buckner prepared the evaluation because he was the plaintiff's supervisor for the evaluated time pe-

---

**1.** Plaintiff's statement of material facts as to which there is no genuine issue to be tried filed in conjunction with the summary judgment mo-
tion has been reviewed by the court as a response to defendants' statements of material facts.

riod.[2] The plaintiff sought review by the Mayor and City Council of this evaluation on March 5, 1987. Waters Depo., Exhibit 5. On March 10, 1987 McCullum suspended Waters without pay and put him on notice that termination would be proposed. Waters Depo., Exhibit 8. The stated reasons for his suspension and proposed dismissal were that his request for a hearing on his evaluation was a violation of the chain of command, was insubordination and a violation of the personnel rules and regulations. Further reasons from the Canton city ordinances were given for the suspension.[3] The plaintiff disputes that these were the real reasons for his suspension and termination, and asserts that the real reason for his termination was his use of the grievance procedures he was entitled to use. He also claims the allegations of certain infractions were false. Plaintiff's Response to Defendant's Motion or Summary Judgment. The plaintiff responded to the March 10th notice on March 12th. McCullum Depo., Exhibit 3, Waters Depo., Exhibit 10. On March 12, 1987, McCullum terminated Waters' employment for the same reasons stated in the March 10th notice of suspension. Waters Depo., Exhibit 9. Plaintiff asserts that only the city manager has the authority to dismiss department heads under ordinance 2–5–114. On April 23, 1987, the Mayor and City Council upheld the termination. Defendants Buckner and McCullum's Statement of Material Facts; Plaintiff's Response to Buckner and McCullum's Statement of Material Facts.

The charter of the City of Canton provides in section 13 that "the Mayor and City Council shall . . . elect a Chief of Police." Wehunt Aff., Exhibit B. Plaintiff was elected Chief of Police by the City Council on March 6, 1980. Wehunt Aff., Exhibit A. Section 20 of the city charter provides that "the Mayor and Council may

remove any officer or employee of said corporation with or without cause who has been elected or employed by said Mayor and City Council." Wehunt Aff., Exhibit B. The city charter has not been amended to include personnel regulations which were adopted by ordinance on June 3, 1982. Wehunt Aff., p. 2.

## II. CONCLUSIONS OF LAW.

### A. *Summary Judgment Standard.*

Courts should grant motions for summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the initial burden of asserting the basis for his motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant is not required to negate his opponent's claim. *Id.* Rather, the movant may discharge his burden by merely "showing —that is, pointing out to the district court —that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. When this burden is met, the non-moving party is then required "to go beyond the pleadings" and present evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. While all evidence and factual inferences are to be viewed in a light most favorable to the non-moving party, *Rollins v. Techsouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir. 1987); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact (emphasis in original)." *Anderson v. Liberty Lobby,*

---

**2.** Plaintiff disputes that Buckner was the proper person to do his evaluation, since McCullum was his supervisor at the time the evaluation was done.

**3.** (2) Inefficient performance of the duties of the position held;
(4) Insubordination which creates a serious breach of discipline;

(11) Violations of the personnel rules and regulations;
(13) An accumulation of violations or infractions which indicate an employee's inability or unwillingness to conform to appropriate standards of performance or conduct.
Waters Depo., Exhibit 8.

*Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Id.* at 250, 106 S.Ct. at 2511. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the non-moving party's case. *Id.* at 248, 106 S.Ct. at 2510. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element essential to his case so as to create a genuine issue for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *Rollins,* 833 F.2d at 1528.

**B.** *Section 1983 and Property Interest.*

▪ Title 42, U.S. Code, Section 1983 provides a private cause of action when a person acting under color of law, deprives another of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *Dollar v. Haralson County,* 704 F.2d 1540, 1543, *cert. denied,* 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983). To recover under § 1983, a plaintiff must show that the act complained of deprived him of a right, privilege or immunity secured by the Constitution and the act was done by a person acting under color of law. *Id.* The essential allegation in plaintiff's complaint is that the three defendants deprived him of his rights to due process for his termination and the events surrounding his termination. The fourteenth amendment prohibits a state from depriving a person of life, liberty, or property without due process of law. A § 1983 action for a wrongful termination necessarily depends on the allegation that the state employer deprived the plaintiff of the property right in his job. The plaintiff must show he had a property right in his job which triggers the right to a due process hearing. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Whether a person had a property right in his job is determined by state law. *Id.; Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

▪ The plaintiff was employed as Chief of Police for the City of Canton. He was elected by the Mayor and City Council under the city charter. The city charter allows the Mayor and Council to terminate someone elected by them with or without cause. Under Georgia law, a person has a property interest in his employment only if he can only be terminated for cause. *Barnett v. Housing Authority,* 707 F.2d 1571 (11th Cir.1983); *see, Brownlee v. Williams,* 233 Ga. 548, 212 S.E.2d 359 (1975). *See also Ogilbee v. Western District Guidance Center, Inc.,* 658 F.2d 257 (4th Cir.1981); *Perkins v. Board of Directors,* 686 F.2d 49 (1st Cir.1982) (at will employee has no property interest in job). Plaintiff has presented no contract or agreement which provided for termination only for cause. Therefore, since he was hired under the authority of the city charter, the plaintiff had no property interest in his job.

▪ The plaintiff appears to argue and allege that the defendants failed to follow personnel regulations in city ordinances and that he was fired for an improper cause. However, as discussed above, the city charter controlled on the terms of his employment. Any part of the personnel regulations that purport to say the police chief can only be fired for cause, which plaintiff has failed to point out to the court, would be void under Georgia law. City ordinances which are inconsistent with a city charter are void. *Georgia Branch Associated General Contractors of America, Inc. v. City of Atlanta,* 253 Ga. 397, 321 S.E.2d 325 (1984). Neither have the personnel regulations been amended as part of the city charter. Wehunt Aff.

▪ Therefore, plaintiff has failed to point to any specific facts which indicate he has a property right in his job which would entitle him to procedural due process before being terminated. Without a property interest, a due process claim cannot be successful, *Thomason v. McDaniel,* 793 F.2d 1247 (11th Cir.1986), and a due process hearing is not required, *id.* Therefore, summary judgment is GRANTED for all defendants as to Count Four, and those portions of Count One, Two and Three

which allege failure of a due process hearing prior to plaintiff's termination.

### C. *Liberty Interest.*

Plaintiff appears to allege in Count Three that certain charges made against him were false and that his reputation was damaged because of the termination. Also, in plaintiff's response to defendants' motions for summary judgment, the plaintiff states that the defendants "deprived the Plaintiff of his property interest in his job and deprived him of his opportunity to practice his chosen profess[i]on through the defaming of his name." Plaintiff's Response at 11.

Broadly read, plaintiff is alleging a liberty interest due process violation. Damage to reputation or defamation alone is not enough to assert a constitutional violation cognizable under section 1983. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). A constitutional violation is alleged only when the employer creates and disseminates false and defamatory information in connection with the employee's termination, *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam), which forecloses other employment opportunities. *White v. Thomas,* 660 F.2d 680, 684 (5th Cir.1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982). To assert this claim, this stigmatizing information must be false and made public by the governmental entity. *Thomason,* 793 F.2d at 1247. Defendants point out that plaintiff has failed to allege or prove what information was made public or by or to whom it was made public, and whether that information was false. Plaintiff has not directly addressed this issue in his response to defendant's summary judgment motions, but a few things can be gleaned from the record. The plaintiff apparently claims that statements and charges in the March 9th memorandum attached to the March 10th letter were false, and that statements in the report prepared by the city attorney for the Mayor and City Council's hearing on the termination were also false. There is some evidence in the record that there is a dispute as to whether the statements and

charges are true, and plaintiff's response to the suspension letter addresses the points included therein. However, plaintiff has presented no evidence that any of these statements or charges were made public by the governmental entity. Therefore, these cannot support a constitutional violation. However, in Exhibit 12 of Waters' deposition, he makes a statement that he had discovered that a radio station was announcing that he had been terminated and that the statement was supposedly given to the station by Buckner. If plaintiff had presented evidence of this statement and its contents, it may have met the requirements of being made public by the governmental entity. However, plaintiff has not presented this statement or any indication of what it contained and therefore has not shown that any information in it was false or stigmatizing. It is plaintiff's burden on summary judgment to point to specific facts which support the essential elements of his claim. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Plaintiff has failed to meet his burden of presenting facts on his claim for a due process hearing or damages based on false or defamatory statements. Summary judgment is GRANTED as to any claims against all defendants, in Counts One, Two or Three based on reputational injury.

Defendants' motions address other issues, including plaintiff's allegation of a conspiracy by Buckner and McCullum to deprive him of his due process rights, defendants' liability as a municipal corporation, qualified immunity for Buckner and McCullum and punitive damages against the city. The resolution of the property right and liberty interests issues above and a finding that no property or liberty interests were infringed, makes it unnecessary to address defendants' arguments on these other issues. As no federal constitutional due process rights were implicated in his termination, all three defendants cannot be liable for the termination on any constitutional grounds under § 1983.

### III. CONCLUSION.

In conclusion, plaintiff has failed to meet his burden of showing either a property

right or liberty interest in his job or in the termination of his job, and therefore summary judgment is GRANTED as to all defendants on all counts.

SO ORDERED.