**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 10, 2015**

# In the Court of Appeals of Georgia

A15A0258. DBGS, LLC d/b/a DIRECTBUY OF GREENVILLE v.
      KORMANIK et al.

MILLER, Judge.

Chris and Mary Kormanik sued DBGS, LLC d/b/a DirectBuy of Greenville ("DirectBuy") for negligent misrepresentation because they were unhappy with the work performed by a contractor recommended to them by DirectBuy. DirectBuy filed a motion to compel arbitration, which the trial court denied on the ground that the Kormaniks' claim did not fall within the scope of the arbitration clause in their membership agreement with DirectBuy. DirectBuy appeals, contending that the trial court erred in denying its motion to compel arbitration. For the reasons that follow, we reverse.

"The question of arbitrability, i.e., whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination." (Footnote omitted.) *Order Homes, LLC v. Iverson*, 300 Ga. App. 332, 332-333 (685 SE2d 304) (2009). In reviewing the denial of a motion to compel arbitration, we determine whether the trial court was correct as a matter of law. See id.

The undisputed facts show that DirectBuy is a South Carolina company that sells home furnishings and fixtures to its members. The Kormaniks are Georgia residents. On March 17, 2012, the Kormaniks entered into a membership agreement or contract with DirectBuy. The membership agreement provided:

> Our Club staff and our Club Owners stand ready to help you resolve *any problem you may encounter with your Membership or with any order you place through DirectBuy*, but if we are not able to achieve a satisfactory resolution for you, you and we agree to avoid the needless delays, expenses, and uncertainties of court proceedings by submitting all such unresolved disputes exclusively to private, expedited, and confidential arbitration[.]

(Emphasis supplied.)

The Kormaniks purchased products and materials for their home renovation from DirectBuy. DirectBuy also provided the Kormaniks with a list of contractors

2

that offered discounts to DirectBuy members. From this list, the Kormaniks selected a contractor for their home renovation. Dissatisfied with the contractor's work, the Kormaniks filed suit against him and DirectBuy.[1]

Thereafter, DirectBuy sought to arbitrate the Kormaniks' claim. After the Kormaniks refused, DirectBuy filed a motion to compel arbitration, which the trial court denied on the ground that the Kormaniks' claim for negligent misrepresentation did not involve their DirectBuy membership or relate to a problem with their order. We granted interlocutory review, and this appeal ensued.

In related enumerations of error, DirectBuy contends that the trial court erred in denying its motion to compel arbitration. We agree.

"Arbitration in Georgia is a matter of contract. As such, the construction of an arbitration clause in a contract is subject to the ordinary rules of contract construction." (Citation and punctuation omitted.) *Wedemeyer v. Gulfstream Aerospace Corp.*, 324 Ga. App. 47, 50 (1) (749 SE2d 241) (2013).

Georgia has a clear public policy in favor of arbitration. See *Order Homes*, supra, 300 Ga. App. at 334-335 (1); see also OCGA § 9-9-1 et seq. Under OCGA §

---

[1] The Kormaniks also filed suit against the bank that financed their home renovation.

9-9-6 (a), a party may move the court to compel arbitration, and if "there is no substantial issue concerning the validity of the agreement to submit to arbitration or compliance therewith and the claim sought to be arbitrated is not barred by limitation of time," the trial court shall order the parties to arbitrate. Since Georgia's arbitration code closely tracks federal arbitration law, we look to federal cases for guidance in construing our own arbitration statutes.[2] See *Order Homes, LLC*, supra, 300 Ga. App. at 335 (1).

As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. See *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 24-25 (IV) (C) (103 SCt 927, 74 LE2d 765) (1983); *DiMambro-Northend Assocs. v. Blanck-Alvarez, Inc.*, 251 Ga. 704, 707 (1) (309 SE2d 364) (1983) (adopting the United State Supreme Court's construction of the scope and purpose of the Federal Arbitration Act). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of

---

[2] Moreover, because the Kormaniks are Georgia residents and DirectBuy is a South Carolina company, the Federal Arbitration Act also applies to this case. See *American Gen. Financial Svcs. v. Jape*, 291 Ga. 637, 638 (1) (732 SE2d 746) (2012) (The Federal Arbitration Act "applies in state and federal courts to all contracts containing an arbitration clause that involves or affects interstate commerce.") (citation omitted); see also 9 USC §§ 1; 2.

an interpretation that covers the asserted dispute." (Citations omitted.) *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (II) (106 SCt 1415, 89 LE2d 648) (1986).

"In determining whether a particular claim falls within the scope of the parties' arbitration agreement, we focus on the factual allegations in the complaint rather than the legal causes of action asserted." (Citation omitted.) *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F2d 840, 846 (II) (2nd Cir. 1987). If the allegations underlying the claims "touch matters" covered by the parties' agreement, then those claims must be arbitrated. See id.

Here, the Kormaniks assert in their complaint that they purchased 90 percent of the products and materials for their home renovation from DirectBuy and selected a contractor from DirectBuy's list of preferred installers. The Kormaniks further contend that DirectBuy negligently misrepresented that the contractor was qualified and the contractor's work was unsatisfactory. The Kormaniks argue that the word "membership" as used in the arbitration clause is limited to membership benefits and privileges and does not include DirectBuy's recommendation of a contractor. Our review of the record, however, shows that DirectBuy's recommendation of a contractor who provides discounts to its members is an added value or benefit of a

5

DirectBuy membership. Thus, the Kormaniks' allegations against DirectBuy touch a matter — their DirectBuy membership — covered by the arbitration agreement. See *Genesco*, supra, 815 F2d at 846 (II). Moreover, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. See *Moses H. Cone Mem. Hosp.,* supra, 460 U. S. at 24-25 (IV) (C). Accordingly, the Kormaniks' claim must be arbitrated and the trial court erred in denying DirectBuy's motion to compel arbitration.

*Judgment reversed. Andrews, P. J., concurs. Branch, J., concurs in judgment only.*