**James WHITE, Plaintiff-Appellant,**

v.

**Carl THOMAS, et al.,
Defendants-Appellees.**

**No. 81–1075.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1981.

---

Johnston & Larson, Douglas R. Larson, Dallas, Tex., for plaintiff-appellant.

Earl Luna, Dallas, Tex., for Dallas County, Commissioners Court, County Auditor & Treasurer, et al.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for Carl Thomas, Sheriff & Dallas County Sheriff's Dept.

Before CHARLES CLARK, Chief Judge, RUBIN and SAM D. JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A deputy sheriff, James White, was fired because, in responding to a direct question on his employment application about prior arrests, he failed to disclose his detention while a juvenile for shooting another person. White brought a section 1983 suit against the sheriff, the Dallas County Sheriff's Department (which he alleged to be a subdivision of Dallas County), Dallas County, and various county officials in federal court, invoking federal question and civil rights jurisdiction. In a document filed ex parte prior to a hearing on a motion for a preliminary injunction in the action, White also invoked diversity jurisdiction. He sought an injunction commanding his reinstatement, $20,000 monetary damages from denial of his salary and other employment benefits, and $100,000 in damages for having "been the subject of public ridicule and embarrassment by being denied his Federal constitutional benefits ... and the failure of defendants to recognize their statutory and constitutional duty to honor the expunction order referred to above." In addition, White sought an additional $100,000 in exemplary damages to compensate him for the "arbitrary, wanton, reckless and grossly negligent" actions of the defendants. In a memorandum in support of White's request for a preliminary injunction he asserted that he had been deprived of liberty without due process by being refused the opportunity to have a "name clearing" hearing.

▮ The trial court rendered summary judgment in favor of all defendants, relying on an affidavit of the sheriff and the evidence at the hearing on the preliminary injunction. White filed nothing in opposition to the motion save a memorandum asserting that some of the facts were disputed. Even in cases where the party against whom summary judgment is sought

fails to comply with Fed.R.Civ.P. 56(e),[1] it is inappropriate to grant summary judgment on the merits on those issues whose decision depends on resolution of evident factual disputes not put beyond dispute by the affidavit, especially if a limited evidentiary hearing did not afford the party an opportunity to adduce his full case. *Cubbage v. Averett*, 626 F.2d 1307, 1308 (5th Cir. 1980); *Beech v. United States*, 345 F.2d 872 (5th Cir. 1965).

We affirm the grant of summary judgment in favor of all the defendants as to White's claim for damages under section 1983.[2] We remand to the district court, however, for the limited purpose of affording White a hearing to clear his name of the allegation that he lied on his employment application. We affirm the summary judgment dismissing White's diversity claim for damages and his claims for accrued vacation pay and back pay earned for overtime work because White has not raised any

issues concerning the correctness of these actions on appeal.[3] *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

■ Section 1983 neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. It affords a remedy only to those who suffer, as a result of state action, deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.A. § 1983. White claims that the sheriff deprived him of numerous rights secured by the Constitution.

First, White asserts that his termination deprived him of his liberty and property interests without due process of law. White has a property interest in continued employment as deputy sheriff only if he has an entitlement to the position in state law.[4]

1. That rule provides in part:
   When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

2. In view of our affirmance of the summary judgment, we do not analyze in detail the differences in the claims against the various defendants. However, we note that the only defendants possibly liable in this action are the sheriff and Dallas County. Under Texas law, the sheriff alone controls the hiring and firing of his deputies. A deputy serves at the sheriff's pleasure, Tex.Civ.Code Ann. art. 6869 (Vernon 1960), and his employment is terminable at the sheriff's will. Therefore, the sheriff is a proper defendant in this action. *See Murray v. Harris*, 112 S.W. 1091 (Tex.Civ.App. 1938).
   The County is also subject to liability because at least in those areas in which [the sheriff], alone, is the final authority or ultimate repository of county power, his official conduct and decisions must necessarily be considered those of one "whose edicts or acts may fairly be said to represent official policy" for which the county may be held responsible under Section 1983. *Monell v. Department of Social Services*, 436 U.S. [658], 694, 98 S.Ct. [2018], 2038 [56 L.Ed.2d 611] [(1978)].

*Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). *But see Van Ooteghem v. Gray*, 654 F.2d 304, 305-306 (5th Cir. 1981) (en banc) (The case was remanded to the district court to determine whether a Texas county was a local government unit and could be sued as a "person" under Section 1983. The remand was precipitated because of the contention that Texas counties are agencies or departments of the state.). *Cf. Barrett v. Thomas*, 649 F.2d 1193, 1201 (5th Cir. 1981) (holding county liable along with Sheriff Thomas for an attorney's fee award even though the county was not named in the suit and was denied an opportunity to intervene because Sheriff Thomas's actions under article 6869 represented county policy).

3. White contended in his brief to this court only that "[c]ompensation for six or seven weeks of vacation pay and almost 2,600 hours of compensatory time are certainly valuable items of property," and that, therefore, he had been deprived of a property interest. White's claim that this amounts to a constitutionally protected property interest must fail. *See* pages 683 684 *infra*.

4. There are other interests, of course, protected not by virtue of their recognition by the law of a particular State but because they are guaranteed in one of the provisions of the Bill of Rights which has been "incorporated" into the Fourteenth Amendment. Section 1983 makes a deprivation of such rights actionable independently of state law.

*Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see McMillian v. City of Hazlehurst,* 620 F.2d 484, 485 (5th Cir. 1980). To determine whether there has been a denial of due process, the rights given by state law are then weighed on federal scales to determine whether they amount to "property" in the constitutional sense.

■ White had neither civil service status [5] nor tenure, but served only at the sheriff's will, Tex.Civ.Code Ann. art. 6869 (Vernon 1960). He, therefore, had no state-protected right to continue in his job, and lacked any property interest in it. He has not even alleged the existence of any Texas statute or court decision that would preclude his discharge for failure to disclose his involvement in the juvenile shooting incident. Consequently, we need not determine whether such protection would suffice to create a constitutionally protected property interest.

■ White also claims that his dismissal violated due process because he was deprived of a constitutionally protected liberty interest without a proper notice or hearing. Reputation alone is not a constitutionally protected interest although state law may create a right to damages for defamation. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). A constitutionally protected liberty interest is implicated only if an employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities. *Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977); *Paul v. Davis,* 424 U.S. at 706, 96 S.Ct. at 1163 (1976). If the employer creates a false and defamatory impression that forecloses the employee's freedom to take advantage of other employment opportunities, a "detailed bill of particulars is not required." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 447 (2d Cir. 1980).

In the instant case, Sheriff Thomas distributed a press release concerning White's discharge and gave an interview to journalists to discuss it. The text of the press release and the accounts of the interviews as contained in the truncated summary judgment record are, at least on their face, sufficient to create an impression that White had lied on his employment application by failing to disclose his involvement in the juvenile incident in answering the question relating to prior arrests.[6] For a policeman seeking employment to be branded as having lied on an official document is likely to jeopardize his future employment, and White has testified that this has indeed resulted.

Challenging the truthfulness of the comments made about him, as he must to state a claim, under *Codd v. Velger,* 429 U.S. at 627–28, 97 S.Ct. at 884, White contends that he truthfully answered the question in his employment application referring to prior "arrests." He maintains that the incident he was involved in while a juvenile resulted only in a "detention." Furthermore, the very fact that White continued to ask for a name-clearing hearing in his brief to this court may be construed to be an allegation that the charges against him are false. *Austin v. Board of Educ.,* 562 F.2d 446, 449 (7th Cir. 1977) (the plaintiff's "continuing attempt to secure a delayed *Roth* hearing ... can be viewed as an implied assertion that the charges are substantially false").

Therefore, we remand this case to the district court for further proceedings consistent with this opinion concerning a name-clearing hearing.[7] While ordinarily a trial of this issue might be necessary, we do not

---

*Paul v. Davis,* 424 U.S. 693, 710 n.5, 96 S.Ct. 1155, 1165 n.5, 47 L.Ed.2d 405 (1976).

**5.** Op.Att'y Gen. H–985 (Texas 1977).

**6.** The undisputed facts do not show that White was "arrested" while a juvenile. .

**7.** Cal.Welf. & Inst.Code § 781(b), provides that in an "action or proceeding based upon defamation, a court, upon a showing of good cause, may order any records sealed under this section to be opened and admitted into evidence."

foreclose the possibility of summary judgment if the facts are sufficiently developed in the fashion contemplated by Fed.R.Civ.P. 56. White is to be afforded, however, only "an opportunity to refute the charge," *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707, that he lied on his employment application by answering "no" to a question whether he had ever been arrested for anything other than a traffic offense. *Codd v. Velger*, 429 U.S. at 627, 97 S.Ct. at 884.

Although White is entitled to a hearing to attempt to clear his name of the charge that he lied on his employment application, he is not entitled to any section 1983 relief because of a deprivation of a liberty interest. His discharge might have been motivated either by the allegation that he lied on his employment application, or by his participation in a shooting incident while he was a juvenile.[8] The allegation that White lied on his employment application entitles him to a name clearing hearing. However, White never disputed the substantial truth of the allegation that he shot another person while he was a juvenile. *Codd v. Velger, supra.* Nor does that allegation justify relief under section 1983. Once this allegation became known the sheriff had a reasonable justification for firing White.[9] If White would have been fired once the juvenile incident had been uncovered, absent the allegation that he lied by failing to disclose the incident on his employment application, then his dismissal may not be challenged even though he may have been deprived of a liberty interest

without due process of law by the allegation that he lied. *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Smith v. Price*, 616 F.2d 1371, 1379 (5th Cir. 1980); *Love v. Sessions*, 568 F.2d 357, 361 (5th Cir. 1978).

White also claims that other constitutional rights were violated by his discharge. The Full Faith and Credit Clause, U.S.Const. art. IV, § 1, was not, however, violated by White's dismissal. Even if there had been a California court order expunging his juvenile record, the function of that clause and of 28 U.S.C. § 1738, which implements it, is to avoid relitigation of the same issue in courts of another state. *Sutton v. Leib*, 342 U.S. 402, 407, 72 S.Ct. 398, 402, 96 L.Ed. 448 (1952); *Chapman v. Aetna Finance Co.*, 615 F.2d 361, 363 (5th Cir. 1980). The clause does not require a Texas sheriff to obey California law.

The Privileges and Immunities Clause, U.S.Const. art. IV, § 2, cl. 1, prevents a state from discriminating against citizens of another state in favor of its own citizens. *Toomer v. Witsell*, 334 U.S. 385, 396, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948). It is undisputed that, at the time White was discharged, he was a citizen of Texas. There is no offer of evidence that he was treated differently from other Texas citizens. Therefore, he has no standing to assert any claim under this provision.

---

8. The district court stated in its order on summary judgment that "[t]he undisputed facts of this case show that White was arrested following a shooting incident in California, that he answered 'No' to the question on his employment application inquiring about previous arrests, and that this was the basis for Thomas's decision to discharge him." The court, however, stated earlier in the case in its findings of facts in the denial of White's motion for a preliminary injunction, that several other factors relating to past incidents of misconduct while a police officer also played a role in White's discharge. We assume that the two factors stated in the summary judgment order were the only reasons for White's discharge. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980) (in a review of

a summary judgment determination, we must resolve all ambiguities in favor of the party against whom summary judgment is sought).

9. *See* Gough, *The Expungement of Adjudication Records of Juvenile and Adult Offenders: A Problem of Status*, 1966 Wash.U.L.Q. 147, 183, arguing that applicants for law enforcement positions should be required to disclose previous offenses, even if expunged, because the "past difficulty, [ ] has indicated possible instability and lack of judgment, and the appointing authority must be made aware of the risk before it places [the applicant] in a position requiring coolness of head and firmness of self-control to accompany the loaded sidearm."

In addition, after filing his complaint, White sought to assert claims of an unconstitutional deprivation of the equal protection of the laws and a right to privacy in his memorandum in support of a motion for preliminary injunction. White has pointed to no manner in which he was deprived of protection accorded others. The right of privacy protects only rights deemed "fundamental or 'implicit in the concept of ordered liberty.'" *Roe v. Wade*, 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973). Any rights that might have grown out of an expungement order lack these qualities, and are not, therefore, privacy rights entitled to constitutional protection.

Another conceivable basis for this action, intimated but never fully developed in White's brief,[10] is that the revelation and use of White's juvenile record gave him a cause of action for damages and that he is entitled to assert it under his diversity claim. He cites no authority for the implication of such a cause of action, however, either under Texas law or California law.

Finally, White asserted in a trial court memorandum and in his brief that he is due accrued vacation pay and back pay earned for overtime work in his employment. This claim was not made either in his complaint or listed in the pre-trial order and was not mentioned in the trial court's opinion. Our disposition of this appeal is without prejudice to the proper assertion of such a claim.

For these reasons, the summary judgment is AFFIRMED in part and REMANDED in part.

---

10. White's sole argument in the brief possibly addressing this point is that "[e]ven if it is not constitutionally mandated that plaintiff-appellant be given a hearing, no justification exists for denying the plaintiff a trial on his damage claim."