Charles E. COOK, Plaintiff,

v.

The TOWN OF DAVIDSON, et al., Defendants.

No. C–C–81–435–P.

United States District Court, W. D. North Carolina, Charlotte Division.

March 30, 1982.

John F. Rudisill, Charlotte, N. C., for plaintiff.

Bentford E. Martin, Charlotte, N. C., for Town of Davidson and Mayor MacCormac.

Rufus L. Edmisten, Atty. Gen. of N. C., John W. Lassiter, Associate Atty. Gen. of N. C., N. C. Dept. of Justice, Raleigh, N. C., for defendants.

## MEMORANDUM AND ORDER

POTTER, District Judge.

On May 5, 1980, Charles E. Cook, a criminal justice officer employed by the Police Department of the Town of Davidson, was terminated from his position. Mr. Cook thereupon filed this lawsuit against the Town of Davidson, its Mayor, and the North Carolina Criminal Justice and Training Standards Commission, alleging that he was deprived of a liberty interest in employment (1) when he was terminated without a hearing; and (2) when the Town failed to give him a meaningful post-termination hearing, and further made false statements to prospective employers, thus effectively stigmatizing his efforts to obtain other employment. By way of relief, the Plaintiff seeks reinstatement, back pay, an injunction against the Town and Mayor to prevent them from continuing the acts complained of, and an injunction against the Commission to recertify him as a criminal justice officer.

The case is now before the Court to consider several motions filed by the parties. The defendant Commission has filed a motion to dismiss, or in the alternative, for summary judgment, alleging that no cause of action has been stated against it. The defendants Town of Davidson and Mayor MacCormac have filed motions for summary judgment on the grounds that plaintiff was not entitled to a pretermination hearing nor has he shown that he was in any manner stigmatized in obtaining future employment by the termination or official acts of the Town and Mayor surrounding such termination. Mayor MacCormac further moves individually for summary judgment, alleging that she has qualified immunity from suits against her for actions performed as part of her official duties as mayor.

The plaintiff has filed a motion to amend his complaint so as to join R. Hebron Mills, the Police Chief of the Davidson Police Department, in the present action, and to further allege a pendant claim of slander against the police chief in his individual capacity. Although it is not precisely clear from the plaintiff's motion, it appears that his amended complaint also seeks damages against the Town of Davidson for any publication of the slander which the Town may have caused.

Finally, in his motion to amend, the plaintiff concedes that the Commission is not a proper party defendant in this action, and joins in the motion to dismiss the action as to it.

## Statement of the Case

The facts of this case are relatively simple. Charles E. Cook was hired by the Town of Davidson in April, 1974 to serve as a part-time patrolman, and was later in February of 1978, given a full-time position as a patrolman. There was no written contract of employment with the Town, nor was there any agreement regarding the terms of the Plaintiff's employment. Likewise, no statute or ordinance grants Town employees any right to a hearing or reasons for termination. Indeed, the only ordinance directly involved states that town employees "shall hold their offices at the pleasure of the [Town] Board and may be removed at any time by the Board." Town of Davidson Code, § 2–51 (1941).

In April of 1980, Chief of Police Mills received a letter of complaint from the management of a local grocery store with regard to plaintiff's behavior in that store on a number of occasions. This letter precipitated a review of the incident as well as the plaintiff's entire employment history by the Police Committee of the Town Board. This committee, composed of the Mayor, the Chief of Police, and two Town Commission-

ers, found that the incidents in the store, along with previous official reprimands against plaintiff for his conduct, warranted his dismissal. The committee made their decision effective immediately on May 5, 1980 and Mayor MacCormac informed the plaintiff of the decision by letter of the same date.[1]

Other than the mayor's letter, the plaintiff did not receive a written statement of the reasons for his discharge, nor did he receive a pretermination hearing. On June 5, 1981, the plaintiff requested a hearing before the police committee to investigate the allegations concerning him. The Town agreed to hold the hearing and scheduled the meeting for July 1, 1980. At the beginning of the hearing, the committee informed the plaintiff and his attorney that they would not present any evidence concerning Mr. Cook, but rather would listen to and consider any evidence, arguments, or statements that he wished to present. The plaintiff and his attorney left this meeting immediately after such explanation without asking any questions, presenting any arguments or witnesses, or making any statements. Apparently, plaintiff believed the ground rules for the hearing set out by the committee rendered the hearing futile.

No allegation or offer of proof has been made by the plaintiff that the Town or Mayor made a general publication of the fact or circumstances of his dismissal at the time he was terminated. The affidavits of the Mayor and Police Chief substantiate the lack of such publication, and the plaintiff does not challenge the veracity of these affidavits. The only specific incident of a Town representative making a statement regarding the plaintiff's employment with the Town did not occur until over a year after the termination, on September 4, 1981, when Police Chief Mills spoke to Mr. Joe F. Martin, a representative of a private security firm.

---

1. In stating the reason for the termination, the Mayor's letter reads, in pertinent part,

    After reviewing your record and considering the recent complaint from Lowe's Food Store, the Board finds your conduct in this incident to be inappropriate and unaccepta-

    ble for a Davidson Police Officer. There are certainly areas of police work in which your performance has been quite satisfactory throughout the years. The Board regrets, therefore, the necessity for this action.

## Conclusions of Law

The plaintiff has raised federal jurisdiction in his case by claiming that he was deprived of a liberty interest in employment. He further concedes that no property interest is being alleged.

In his brief on the pending motion for summary judgment, the plaintiff asserts his claims as follows:

The Plaintiff alleges a personal interest protected by the Bill of Rights which former employers [defendants] infringed and continue to damage due to their termination of his employment and by their continued imputation of his character and reputation for truthfulness.

■ Since no property interest is involved in this case, and since the Town had the authority to terminate any employee at will, this Court finds that the plaintiff was not entitled to a pretermination hearing. *See, Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977).

■ With regard to the plaintiff's liberty interest and right to a post-termination hearing, the cases are clear in stating the rule that only if the employer, by a publicly made false statement, or defamatory impression, stigmatizes the plaintiff *"in connection with his termination,"* is such a hearing required. *Codd v. Velger, supra; Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *see also, White v. Thomas,* 660 F.2d 680, 684–5 [5th Cir. 1981]. (emphasis supplied).

■ As stated by these cases, the purpose of such a post-termination hearing is not to justify an argument for reinstatement, but rather to give the plaintiff an opportunity to quell the stigma that has attached to him by the employer's wrongful public statements or acts made in connection with his termination. The hearing is intended merely to allow the plaintiff "to refute the charges" and an "opportunity to clear his name." *Codd v. Velger,* 429 U.S. at 627, 97 S.Ct. at 883, citing *Bishop* and *Roth, supra.*

In the present case, there has been no evidence presented that the plaintiff was in any way "stigmatized" by the Town or Mayor at the time of his termination. The Mayor's letter to the plaintiff was a private communication and was not ever made public by the Town or Mayor. In *Bishop v. Wood,* the Supreme Court held that a similar letter of termination could offer no grounds for relief since it had not been made public by the town. 426 U.S. at 348, 96 S.Ct. at 2079.

■■ With regard to the Town's notice of the termination to the North Carolina Criminal Justice Education and Training Standards Commission, a notification required by state statute, the plaintiff likewise has no valid claim. Such notices to the Commission are strictly confidential and are not public documents. Moreover, even if the notice to the Commission was made public, there is clearly no "stigmatizing" statement in the report. Indeed, although the Town cites simply "unsatisfactory conduct" as the reason for dismissal, it also stated to the Commission that the Town "would recommend employment elsewhere as a Criminal Justice Officer," and that the plaintiff's "certification should be continued."

■■ The *only* other allegation or evidence of stigmatizing statements attributed to the Town which the plaintiff presents to this Court involves an incident involving the Police Chief one year and four months after his discharge. Regardless of the content or nature of the Police Chief's statements to a prospective employer of the plaintiff, this great distance in time prevents any valid claim that would invoke the federal constitutional right to a post-termination hearing. As stated by the cases cited above, the stigmatizing actions of the employer must occur at the same time or "in connection with" the dismissal.

Further, as specifically held in *Bishop v. Wood,* such events as alleged by the plaintiff that come later in time from the termination, "surely cannot provide retroactive support for his claim." 426 U.S. at 348, 96 S.Ct. at 2079.

Consequently, this Court finds that no public statement or disclosure was ever made by the Town or Mayor with regard to the plaintiff's termination or reasons therefor. Further, this Court finds that the plaintiff was in no way "stigmatized" by any action of the Town or Mayor in connection with his termination, and therefore was not entitled to a post-termination hearing, nor was he deprived of any federal constitutional right by the actions of the Town or Mayor.

Even if it were found that the plaintiff was entitled to a post-termination hearing, this Court finds that the meeting arranged by the Town on July 1, 1980, would have given the plaintiff sufficient opportunity to "refute the charges" against him and to "clear his name" as required by *Codd, Bishop*, and *Roth, supra*, especially in light of the fact that the Mayor and Police Commissioner were present to answer questions.

■ Finally, with regard to plaintiff's allegation that he has been defamed by the Police Chief in certain statements made to a prospective employer, this Court notes that such a claim raises merely a state cause of action in defamation and does not invoke federal jurisdiction merely because a town official has committed the act. *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976).

■ Consequently, this Court holds that the plaintiff has failed to meet his burden of showing, by affidavits or otherwise, that there is any genuine question of *material* fact, or that he is entitled to some form of relief under federal law.

Since the suit cannot stand on its merits, this Court finds it unnecessary to address the Mayor's claim of immunity. Further, there being no federal claim remaining, the plaintiff's motion to add a pendant state claim must be denied.

Finally, this Court notes the closing statements of Justice Stevens in *Bishop v. Wood*, as stating the philosophy within which the federal judiciary operates with regard to state employment decisions:

The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions. 426 U.S. at 349–50, 96 S.Ct. at 2079–80.

Therefore, from a review of the entire record, and for the reasons stated above,

IT IS HEREBY ORDERED

(1) that the action as to the defendant North Carolina Criminal Justice Education and Training Standards Commission is dismissed;

(2) that the motions for summary judgment of defendants Town of Davidson and Mayor Nancy H. MacCormac are granted, and the suit is dismissed as to them; and

(3) that the plaintiff's motion to amend his complaint to add a new party and a pendant state claim of defamation is denied.