**Hollis ISHEE, Plaintiff,**

v.

**Robert S. MOSS, Mississippi State Forestry Commission, et al., Defendants.**

**No. WC84–58–LS–G.**

United States District Court, N.D. Mississippi, W.D.

Aug. 31, 1987.

J.P. Coleman, Ackerman, Miss., and J. Niles McNeel, Louisville, Miss., for plaintiff.

Edwin Lloyd Pittman, Atty. Gen., and T. Hunt Cole, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

## OPINION

SENTER, Chief Judge.

This action arose from the allegedly unlawful discharge of plaintiff from his position as a district forester of the State of Mississippi. Plaintiff brought this action in this court alleging violation of various constitutional rights. Presently before the court is defendants' motion for summary judgment. Upon review of the record in this case and being otherwise fully advised, the court is of the opinion that summary judgment is appropriate and the defendants' motion should be sustained. The complaint should accordingly be dismissed with prejudice.

## I. FACTS AND BACKGROUND.

Plaintiff Hollis Ishee and defendant Robert S. Moss competed for the appointment to the position of State Forester of the State of Mississippi to which Moss was appointed. Subsequently, Moss accused Ishee of altering state records and perpetrating a fraud on the State Forestry Commission and on the State of Mississippi in regard to the application of chemicals to Ishee's private property. He sought to discharge Ishee from his position as a district forester ostensibly for his participation in the alleged violations. Ishee brought this action claiming both a property interest and a liberty interest in his position as a district forester and alleging that he had been discharged without due process of law. In the alternative, plaintiff claims that he has been denied equal protection of the laws. Complaint, ¶ 7. Plaintiff further sought preliminary injunctive relief, which this court denied in an order issued June 26, 1986.

Defendants argue that plaintiff possessed no property interest in his employment because, pursuant to Miss.Code Ann. § 25–9–107(c)(xv), he reported directly to the head of the agency, i.e., the State Forester, and thus was not covered by the relevant state civil service law. Since plaintiff had no property interest, defendants argue, then the procedural due process claim must fail. Defendants further contend that plaintiff's claim of a liberty interest is without merit because defendants did not make public any charges against plaintiff Ishee in connection with his employment or the termination thereof. Finally, defendants argue that the lack of a hearing regarding Ishee's continued employment was not wholly arbitrary or irrational and, thus, was not a violation of the equal protection of the laws.

## II. CONCLUSIONS OF LAW.

Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

The standard for summary judgment is set out in Fed.R.Civ.P. 56. Under subsection (c) of Rule 56, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The mere existence of a factual dispute does not by itself preclude the granting of summary judgment. The dispute must be genuine,[1] and the facts must be material.[2] *Anderson v. Liberty Lobby*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202, 213 (1986).

As noted, plaintiff seeks relief on three independent grounds, two of which are encompassed by the liberty and property in-

---

1. In *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272–73 (5th Cir.1987), the court stated: "With regard to 'genuineness,' the inquiry performed is a threshold inquiry of whether there is a need for a trial, that is, whether 'there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.' [*Liberty Lobby*, 477 U.S. at ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 213.] No genuine issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a factfinder to find for that party. *See id.*"

2. In *Phillips*, the Fifth Circuit stated that "with regard to 'materiality,' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Factual disputes that are irrelevant or that are unnecessary will not be counted." 812 F.2d at 272.

terests protected by the due process clause of the fourteenth amendment. In order to recover under the fourteenth amendment, a plaintiff must demonstrate that he was deprived of a liberty or property interest and that he was not afforded adequate procedural due process protection prior to or following the deprivation. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Kelleher v. Flawn,* 761 F.2d 1079, 1086 (5th Cir. 1985).

### A. *Property Interest*

■ The Supreme Court in *Roth* refused to base the concept of property on an employee's mere expectation. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it; he must have more than a unilateral expectation of it. He must have a legitimate claim of entitlement to it. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709; *Batterton v. Texas General Land Office,* 783 F.2d 1220, 1222 (5th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986). A protected property interest in employment exists only where the employee has an express or implied right to continued employment. *White v. Mississippi State Oil & Gas Bd.,* 650 F.2d 540, 541 (5th Cir.1981); *McElwee v. Todd,* 581 F.2d 1182, 1183 (5th Cir.1978).

■ Federal constitutional protection may turn on state-created rights. Thus, whether a state employee has been deprived of property without due process depends upon whether he had state-created rights vesting a cognizable property interest in this continued employment. *Guillory v. St. Landry Parish Police Jury,* 802 F.2d 822, 825 (5th Cir.1986); *Batterton,* 783 F.2d at 1222; *Stern v. Tarrant County Hosp. Dist.,* 755 F.2d 430, 433 (5th Cir. 1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986); *see also Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430–31, 102 S.Ct. 1148, 1154–55, 71 L.Ed.2d 265 (1982). In other words, the "property" that is safeguarded by the due process clause may be created by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits. Property interests are often expressly created by state statutes or regulations, but they can also arise from written or unwritten state or local government policies or from "mutually explicit understandings" between a government employer and employee. *See Perry v. Sindermann,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972); *Stana v. School Dist. of City of Pittsburg,* 775 F.2d 122, 125–26 (3rd Cir.1985); *Robinson v. Boyer,* 643 F.Supp. 975, 980 (N.D. Miss. 1986) (appeal pending). The Supreme Court of the United States has recently reaffirmed that a plaintiff's property interest must be created, defined, and governed by state law. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538–39, 105 S.Ct. 1487, 1491–92, 84 L.Ed.2d 494, 501 (1985); *see also Jett v. Dallas Ind. School Dist.,* 798 F.2d 748, 753 (5th Cir.1986); *Irby v. Sullivan,* 737 F.2d 1418, 1421 (5th Cir. 1984); *accord Dwyer v. Regan,* 777 F.2d 825, 829 (2nd Cir.1985); *Bailey v. Kirk,* 777 F.2d 567, 573 (10th Cir.1985).

■ In *Perry v. Sears Roebuck & Co.,* 508 So.2d 1086 (1987), the Supreme Court of Mississippi ruled the maintenance of an employment policy guidebook by a private employer did not create a contractual right to continued employment in a covered individual. Moreover, the logic of *Conley v. Board of Trustees of Grenada County Hospital,* 707 F.2d 175, 179–81 (5th Cir. 1983), is inapplicable here. That case held that where the status of an employee of a local governmental board is not addressed by the Mississippi Code, the adoption of a policy handbook will imply a for cause standard. The Fifth Circuit held that where the legislature has not explicitly addressed the "at-will" or "for cause" status of an employee, the right of the board to choose the standard is implied and the publication of the policy guidebook constituted a choice of a "for cause" standard. This court has previously found in this cause that Hollis Ishee was covered by Miss.Code Ann. § 25–9–107(c)(xv) (Supp.1983) as it existed on the date of his firing. On that date, the

statute provided that "administrative officers who report directly to the department, agency institution, board of commissioner administrative head" were excluded from the "for cause" standard of state's system of personnel administration. Ishee's status is therefore explicity addressed by the legislature and is not subject to implication of a "for cause" standard. As Ishee is an employee at-will, he possesses no property interest in his employment and cannot maintain this action on that ground. Summary judgment is therefore granted on this claim.

### B. *Liberty Interest*

██ Plaintiff also alleges that his reputation could be besmirched by the allegations of fraud and wrongdoing which form the alleged basis for his dismissal. It is settled law, however, that reputation alone is not a constitutionally protected interest, although state law may create a right to damages for defamation.[3] *Wells v. Hico Independent School Dist.*, 736 F.2d 243, 256 (5th Cir.1984), *cert. dismissed*, 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1986); *White v. Thomas*, 660 F.2d 680, 684 (5th Cir.1981), *cert. denied* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982); *see also Paul v. Davis*, 424 U.S. 693, 709, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). A constitutionally protected liberty interest is im-

plicated only if an employee is discharged in a manner that creates a false and defamatory impression which stigmatizes and forecloses him from other employment opportunities. *White*, 660 F.2d at 684; *Codd v. Velger*, 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). Moreover, for a charge to be stigmatizing, it must be worse than merely adverse; it must be such as to give rise to a "badge of infamy, public scorn, or the like." *Wells*, 736 F.2d at 256 n. 16 (and cases cited therein). Finally, the employee must show that the governmental agency has made the stigmatizing charges public in any official or intentional manner, other than in connection with the defense of related legal action. *Wells*, 736 F.2d at 256; *Ortwein v. Mackey*, 511 F.2d 696, 699 (5th Cir.1975). In summary, to support a claim of deprivation of a liberty interest, a plaintiff must show (1) that he has been stigmatized, (2) in or as a result of the "discharge" process, and (3) that the stigmatization resulted from charges made public by his employer. *Kelleher*, 761 F.2d at 1087; *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir.1983). Upon this showing, the plaintiff is entitled to a hearing to clear his name. *Wells*, 736 F.2d at 256 n. 18; *White*, 660 F.2d at 685; *see also Arnett v. Kennedy*, 416 U.S. 134, 157, 94 S.Ct. 1633, 1645–46, 40 L.Ed.2d 15 (1974).

---

**3.** To the extent that the state recognizes a tort of defamation, the state creates a liberty interest protected by the fourteenth amendment. Mississippi recognizes a tort for defamation relating to the improper disclosure of the reason for termination. *See Montgomery Ward & Co., Inc. v. Skinner*, 200 Miss. 44, 25 So.2d 572 (1946) (manager accused three clerks of improper behavior in the presence of customers). But Mississippi also recognizes a defense of privilege when a "communication is made in good faith and on a subject-matter in which the person making it has an interest, or in reference to which he has a duty . . . if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice." *Louisiana Oil Corp. v. Renno*, 173 Miss. 609, 157 So. 705 (1934). A statement made within the scope of the privilege will be presumed to be in good faith absent a showing of actual malice. *Id.* The courts of Mississippi have held that a statement by a manager to a group of employees that an employee was fired for theft was a privileged

statement. *Gardner v. Standard Oil Co.*, 179 Miss. 176, 175 So. 203 (1937). All publications alleged by Ishee in the cause *sub judice* are to other employees of the forestry service. All publications were made in connection with the investigation of Ishee. Therefore, the plaintiff bears the burden of proving actual malice at trial. Summary judgment should be granted where the pretrial evidence is "merely colorable" or "not significantly probative." *Liberty Lobby*, 477 U.S. at ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 212. Ishee has tendered no evidence of actual malice in the submitted materials. He asserts that the charges against him and the investigation are mere pretexts to fire him for applying for the position that Moss currently holds. The evidence shows that Moss and Ishee have known each other since childhood. Both have been active in the same profession and have maintained some contact over the years. No prior animosity was shown, and no reason for any current animosity was shown. In sum, the plaintiff has failed to meet his burden of proof in summary judgment as to a state created liberty interest in defamation.

The charges made by defendant Moss are serious ones. He accuses Ishee of altering state records and of perpetrating a fraud on the state. Tr., pp. 64–65. There can be no doubt that such accusations are stigmatizing and that these were ostensibly the reasons for Ishee's discharge. However, the plaintiff has the burden to show that the stigmatizing charges were made public. *Wells*, 736 F.2d at 256; *Ortwein v. Mackey*, 511 F.2d at 299. This the plaintiff has failed to do. The evidence presented at the hearing for a preliminary injunction shows Moss conducted the investigation personally. In conducting this investigation, he discussed the matter with the county forester, the clerk in Calhoun City, certain persons on Ishee's staff, and Moss' commissioners. The evidence also shows he wrote a letter on December 7, 1983, to Ishee stating "your involvement in this is somewhat known within the Forestry Commission and it will surely cause some additional loss of your credibility if the general public becomes aware of what has happened." There is no evidence the general public or employees other than those questioned in connection with the investigation ever became aware of the reason for termination.

 Disclosure within an agency may implicate a liberty interest if the disclosure is gratuitously made to persons with no responsibility for or interest in the matter disclosed. *Ventetuolo v. Burke*, 470 F.Supp. 887, 896 (D.R.I.1978). Here, no such gratuitous disclosures have been shown. All disclosures mentioned in the pleadings, evidence at the hearing on the preliminary injunction, briefs following that hearing, and memorandum in the present motion for summary judgment have been those made in connection with the investigation into the charges. Clearly, the agency must have the right to investigate charges against its employees and must have immunity in the reasonable investigation of these charges. Nor does the presence of the derogatory information in the confidential file implicate a liberty interest absent a showing that the employer has made or is likely to make the disclosure public in an official or intentional manner.

*Wells*, 736 F.2d at 258 n. 20; *Kelleher*, 761 F.2d at 1087; *Sims v. Fox*, 505 F.2d 857, 864 (5th Cir.1974) (en banc), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975).

Rule 56(c) "mandates the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, ——, 106 S.Ct. 2548, 2552–3, 91 L.Ed.2d 265, 273 (1986). The plaintiff has failed to establish an essential element of his liberty interest claim, and summary judgment is therefore appropriate.

### C. *Equal Protection*

Finally, plaintiff alternatively contends that his discharge without notice or a hearing violated the equal protection of the laws in that particular classes of state employees are entitled to notice and a hearing.

The Mississippi legislature has codified the state's system of personnel administration. *See* §§ 25–9–101, *et seq.* (Supp.). The dispute between the parties herein is whether a district forester for the State Forestry Commission is a "state service" employee or a "nonstate service" employee as defined in Miss.Code Ann. § 25–9–107. That statute provides, in pertinent part:

(b) "State service" shall mean all employees of state departments, agencies and institutions as defined herein, except those officers and employees excluded by this chapter.

(c) "Nonstate service" shall mean the following officers and employees excluded from the state service by this chapter. The following are excluded from the state service:

(xv) The administrative head who is in charge of any state department, agency, institution, board or commissioner ... *and such administrative officers*, deputies, bureau chiefs, and directors *who report directly to the department, agency, institution, board or commissioner administrative head* under proce-

**560**

dures as are promulgated by the state personnel board.

Miss.Code Ann. § 25–9–107 (Supp.) (emphasis added).[4] The critical distinction between "state service" employees and "nonstate service" employees is that the former may be discharged only for cause and have the right to appeal an adverse decision to the appeals board of the State Personnel Board. Nonstate service employees, by contrast, are not protected by the "termination only for cause" standard, nor do such employees have the right to appeal any adverse decision. *See* Miss.Code Ann. § 25–9–127 & 131 (Supp.1986).

 Employees of state governments do not comprise a suspect class, and the holding of public employment is not a recognized fundamental right. *Irby v. Sullivan,* 737 F.2d 1418, 1422–23 (5th Cir.1984); *Arceneaux v. Treen,* 671 F.2d 128, 133 (5th Cir.1982). Therefore, the court reviews the classification here under the "rational basis" test. In suits involving a challenge to the rational basis of a statute, the burden is not upon the state to establish the rationality of the statute, but is upon the challenger to show that the restriction is wholly arbitrary. *Home Depot, Inc. v. Guste,* 773 F.2d 616, 621 (5th Cir.1985); *Kite v. Marshall,* 661 F.2d 1027, 1030 (5th Cir. 1981); *cert. denied,* 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). The court must ask whether any state of facts reasonably may be considered to justify the challenged distinction. *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961); *Pappanastos v. Board of Trustees,* 615 F.2d 219, 221 (5th Cir.1980).

 The court does not consider here whether Miss.Code Ann. §§ 25–9–101, *et seq.,* or any other Mississippi statute guarantees covered state employees under all circumstances the right to a termination hearing, or the extent of that guarantee. Assuming that such a guarantee exists, however, the failure to extend it to all state employees was not irrational. Accordingly, summary judgment is appropriate on plaintiff's equal protection claim.

### III. SUMMARY.

The court is of the opinion that summary judgment is appropriate as to each of the plaintiff's three claims. The defendant's motion for summary judgment is therefore sustained.

An appropriate order shall issue.

---

**4.** As noted in the court's opinion denying preliminary injunctive relief, the pertinent statute has been amended by the state legislature to omit reference to the portion emphasized in the text. *Compare* Miss.Code Ann. § 25–9–107(c)(xv) (Supp.1986). The court notes, however, that to avoid the unfairness often inherent in a retroactive statute, courts will ordinarily presume that a legislative enactment is to apply prospectively from the date of enactment, absent an unequivocal statutory directive mandating retroactive application. *United States v. Donnelly's Estate,* 397 U.S. 286, 293–94, 90 S.Ct. 1033, 1037–38, 25 L.Ed.2d 312 (1970); *Cox v. Schweiker,* 684 F.2d 310, 318–19 (5th Cir.1982); *Corpus v. Estelle,* 605 F.2d 175, 180 (5th Cir.), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1979). Since there is no such directive either from the statute or its legislative history, then the amendment will apply prospectively only and is, therefore, inapplicable to the decision today.