**Alder McMILLIAN, Jr., Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**CITY OF HAZLEHURST, Defendant-Appellee.**

No. 79–1401.

United States Court of Appeals, Fifth Circuit.

June 30, 1980.

Dennis L. Horn, Hazlehurst, Miss., for plaintiffs-appellants.

Olen C. Bryant, Jr., Hazlehurst, Miss., for defendant-appellee.

Before AINSWORTH and CHARLES CLARK, Circuit Judges, and HUNTER *, District Judge.

PER CURIAM:

Alder McMillian, Jr., formerly a police officer in the employ of the City of Hazlehurst, was summarily terminated. He filed this civil rights action as a class action on behalf of all municipal employees subjected to summary dismissal, alleging that he had a property interest in continued employment and that his summary termination violated due process. The district court ruled that McMillian had not alleged facts sufficient to establish a protected property interest and dismissed for lack of subject matter jurisdiction. We affirm.

■ In an action such as this, a protected property interest must be based upon a legitimate claim to continued employment under a source independent of the fourteenth amendment. *McDonald v. Mims*, 577 F.2d 951 (5th Cir. 1978). Such a source may be state law or a mutually explicit understanding between employer and em-

ployee. *Hennessey v. National Collegiate Athletic Association*, 564 F.2d 1136 (5th Cir. 1977). Mississippi law provides that the employees of municipalities such as Hazlehurst serve at the pleasure of governing authorities and may be terminated with or without cause. Miss.Code Ann. § 21–3–5 (1972). *See Sartin v. City of Columbus Utilities Commission*, 421 F.Supp. 393 (N.D. Miss.1976), *aff'd without opinion*, 573 F.2d 84 (5th Cir. 1978).

■ While McMillian acknowledges the provisions of Mississippi law, he urges that the City of Hazlehurst has adopted a policy of terminating its police employees only for cause by enacting a city ordinance governing police conduct. This ordinance, entitled "Rules and Regulations of the Police Department, Hazlehurst, Mississippi," contains a hortatory introduction, fifteen rules of organization and particular conduct, and a final Rule 16 providing:

> All members of the Police Department must thoroughly familiarize themselves with these rules and regulations and situations not covered herein should be handled according to instructions from the Chief of Police. Any member of the department guilty of violating these rules and regulations will be subject to reprimand, suspension or dismissal.

McMillian urges that the final sentence of Rule 16 has given police employees of Hazlehurst a protected property interest in their employment by limiting the City's right to discharge to violations of these rules.

The language of the final sentence in Rule 16 does not purport to limit the municipality's employment rights or abrogate the application of Miss.Code Ann. § 21–3–5 to permit it to discharge police employees without cause. The ordinance nowhere undertakes to make its provisions the exclusive basis for dealing with Hazlehurst police officers. It would be entirely unreasonable to imply such a limitation from the fact that specific rules of conduct were made enforceable by reprimand, suspension or dismissal.

* District Judge of the Western District of Louisiana, sitting by designation.

McMillian depends upon *McDonald v. Mims, supra,* in which this court held that the Public School Fair Dismissal Act, Miss. Code Ann. § 37–9–107, established a protected property right in employment as a public school teacher in Mississippi. This authority will not support any argument of the breadth made by McMillian that the adoption of regulations covering some of an employees' conduct and containing a penalty of dismissal would eliminate an employer's otherwise valid interest in terminating employment without cause.[1]

Though eschewed at oral argument, McMillian claims in his brief that the rules and regulations of the City of Hazlehurst dealing with police conduct create a mutually explicit understanding, independent of state law, between McMillian and the City that also gave rise to a protected property right in his employment. For the reasons expressed above, we reject this argument also.

McMillian's factual allegations were insufficient to establish a protected property interest in continued employment. The district court properly concluded there was no jurisdiction under the Civil Rights Act.

AFFIRMED.

---

1. The parties also cite *Glenn v. Newman,* 614 F.2d 467 (5th Cir. 1980), which is similarly distinguishable because of the absence of a state law provision similar to Miss.Code Ann. § 21–3–5 (1972) that allowed the municipal employee to be terminated without cause.