IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60545
Summary Calendar
_____

WILLIE RELLIFORD,                                    Plaintiff-Appellant,

versus

HOLLY SPRINGS, MISSISSIPPI; ANTHONY MARION, Chief of Police,
Individually and in his official capacity; WILLIAM HENLEY,
Individually and in his official capacity as an Alderman of
the City of Holly Springs, Mississippi; EDDIE LEE SMITH, JR.,
Mayor, Individually and in his official capacity as Mayor of
Holly Springs, Mississippi; WESLEY CRUTCHER, Individually and in
his official capacity,

                                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:93-CV-113-B-A)
_____

February 8, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Willie Relliford ("Relliford") appeals the
district court's granting of Defendants-Appellees' motion for
summary judgment and dismissal of Relliford's pendent state law
claims. After review of the record and counsels' briefs in this
case, we affirm the judgment of the district court for the
following reasons.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

With regard to Relliford's § 1983 claim alleging Defendants-Appellees deprived him of property and liberty interests in violation of his due process rights, we find that our decision in *McMillian v. City of Hazlehurst*, 620 F.2d 484 (5th Cir. 1980) is controlling. Relliford's reliance on *Conley v. Board of Trustees of Grenada County Hospital*, 707 F.2d 175 (5th Cir. 1983) is misplaced. In *Conley*, we distinguished *McMillian* because the statutes governing municipal and hospital employees were different. *Id.* at 175. The language in the policy manual in the instant case "does not purport to limit the municipality's employment rights or abrogate the application of Miss. Code Ann. § 21-3-5 to permit it to discharge police employees without cause." *McMillian*, 620 F.2d at 485. And like the ordinance in *McMillian*, the policy manual does not undertake to make its provisions the exclusive basis for dealing with the municipality's police officers. Moreover, while the language in the policy manual specifies that major offenses may result in termination, it does not limit the possible reasons for termination to those offenses listed. Thus, we find that the policy manual in effect in this case does not create a property interest. *See Moulton v. City of Beaumont*, 991 F.2d 227, 232 n.28 (5th Cir. 1993).

As to Relliford's pendent state law claims, we find that the district court did not abuse its discretion in dismissing them pursuant to 28 U.S.C. § 1367(c). *See Noble v. White*, 996 F.2d 797, 800 (5th Cir. 1993). Dismissal of pendent state law claims pursuant to § 1367(c) is without prejudice. *See Wong v. Stripling*,

2

881 F.2d 200, 204 (5th Cir. 1989).  AFFIRMED.