Barbara VANCE, Plaintiff,

v.

NORTH PANOLA SCHOOL DISTRICT, Vernon Jackson, and W. Ray Strebeck, Defendants.

No. 2:96–CV–211–B–B.

United States District Court,
N.D. Mississippi,
Western Division.

Oct. 9, 1998.

Michael James Brown, Jackson, MS, for Plaintiff.

Timothy M. Threadgill, Mitchell, McNutt, Threadgill, Smith & Sams, Oxford, MS, for Defendants North Panola School Dist., Vernon Jackson, W. Ray Strebeck.

T. Hunt Cole, Jr., Mississippi Atty. Gen.'s Office, Jackson, MS, for Defendant State Dept. of Educ.

## MEMORANDUM OPINION

BIGGERS, Chief Judge.

This cause comes before the court upon the defendants' motion for summary judgment. Upon due consideration of the parties' memoranda and exhibits, the court is ready to rule.

### FACTS

The plaintiff is a white female who was hired by the North Panola School District in April of 1990. In May of 1994 she became the business manager of the school district. The plaintiff did not have a written contract of employment. During the time of the plaintiff's employment, the financial condition of the school district worsened sharply. Vernon Jackson, as superintendent of the school district, sent a letter to the plaintiff dated February 1, 1996, detailing the plaintiff's deficiencies and notifying her that her performance must improve. According to Jackson and to the plaintiff's deposition testimony, she did not respond to the letter. The plaintiff now contends in her brief that she did respond and she provides a copy of her response as an exhibit.

On March 7, 1996, the school board met, presumably for the sole purpose of discussing Vance's employment. On recommendation of Jackson, the board voted to discharge the plaintiff for the reasons set forth in the February 1 letter. The termination was to take effect March 8, the same date that the State of Mississippi took control of the North Panola School District and placed it under the conservatorship of Ray Strebeck. After receiving notice of her termination, the plaintiff met with Strebeck and R.D. Harris, deputy state superintendent of education, to ask about getting her job back. The plaintiff states that Strebeck told her she might be able to get her job back but that the local black community would have to be consulted.[1] Strebeck denies making such a statement. He claims that he simply told the plaintiff she could apply for the vacant position like anyone else. The plaintiff never did apply for the position and Strebeck hired a black male to take her place.

The plaintiff claims that her termination was part of a scheme headed by Lieutenant Governor Ronnie Musgrove to incur favor with the black voters of Panola County. The plaintiff asserts that she was notified of this alleged scheme by Donna Davis, a member of the State Board of Education. Davis, however, denies having any knowledge of the basis for plaintiff's termination.

The plaintiff filed suit for racial discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The plaintiff also asserted a claim for overtime pay under the Fair Labor Standards Act; however, the plaintiff has conceded her overtime claim in response to the defendants' motion for summary judgment.

### LAW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden

---

1. The plaintiff's brief and affidavit attribute this statement to Strebeck, though the plaintiff's deposition testimony credits Harris with making the statement. The court will simply refer to the statement as Strebeck's, though for purposes of summary judgment it makes no difference which one actually made the alleged comment.

shifts to the non-movant to "go beyond the pleadings and by … affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538, 552 (1986).

The plaintiff's claim for racial discrimination could possibly arise out of either her termination or her failure to be rehired. To present a prima facie case of race discrimination under Title VII, the plaintiff may show: (1) that she was a member of a protected class; (2) that she was qualified for the position held; (3) that she was subject to an adverse employment decision; and (4) that she was replaced by someone outside of the subject classification. *Meinecke v. H & R Block*, 66 F.3d 77, 83 (5th Cir.1995); *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir.1979). A plaintiff may always present a prima facie case by offering direct evidence of discrimination, in which case the four-part test developed for circumstantial evidence is unnecessary. *Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 774 (11th Cir.1982). Once the plaintiff presents a prima facie case, the defendant must articulate a legitimate, non-discriminatory reason for the employment action. *McDonnell–Douglas Corp.*

*v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668, 677–679 (1973). If the defendant is able to do so, the burden of production shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination. *Id.*

■ The defendants assert that, even assuming the plaintiff has made the initial prima facie showing, they have articulated a legitimate, non-discriminatory reason for the plaintiff's discharge, that being the plaintiff's poor work performance as set forth in the letter of February 1 from Jackson to the plaintiff. The defendants contend that the plaintiff has failed to show that the defendants' articulated reason is really a pretext for discrimination. The plaintiff argues that the statements of Davis and Strebeck provide sufficient evidence of pretext to avoid summary judgment. The court disagrees. Davis' statement regarding the alleged political conspiracy is hearsay and is therefore inadmissible to defeat summary judgment. Furthermore, even if the court were to consider Davis' alleged comments, they would not be sufficient to show pretext as Davis' alleged statements about the political conspiracy merely reveal Davis' own speculative conclusions. Since Davis was not responsible for the decision to terminate the plaintiff, her conclusion as to the reasons for the termination are irrelevant. Strebeck's statement regarding needing the approval of the black community before he could rehire the plaintiff is likewise irrelevant as to the issue of the plaintiff's termination. Neither he nor Harris (who the statement is also attributed to) had any input in the decision to terminate the plaintiff. Accordingly, in the absence of any evidence that the defendants' articulated reason for termination is a pretext for discrimination, the court finds that the plaintiff's claim for racial discrimination in her termination should be dismissed.

■ To establish a prima facie case on the issue of failure to rehire,[2] the plaintiff

---

**2.** The court is unfamiliar with an action for failure to "rehire." The court's initial reaction is that any failure to rehire is simply a part of the claim for wrongful termination and not a separate action. Accordingly, any claim the plaintiff

is attempting to assert should be dismissed for the reasons set forth herein. However, to the extent the plaintiff is attempting to allege a separate cause of action, the court will analyze this

must show that she applied for a job for which the employer was seeking applicants. *McDonnell–Douglas*, 411 U.S. at 802, 93 S.Ct. 1817, 36 L.Ed.2d at 677. The plaintiff did not apply for the vacant position, and therefore cannot assert a prima facie case. Since the plaintiff did not apply for the position, any "evidence" of discrimination is irrelevant.

■ Finally, the plaintiff contends that the defendants violated her due process rights under the Fourteenth Amendment by not giving her notice of the right to appeal her termination. However, a protected property interest must be based upon a legitimate claim to continued employment under a source independent of the Fourteenth Amendment. *McMillian v. City of Hazlehurst*, 620 F.2d 484, 485 (5th Cir.1980). If, under state law, the employee serves "at-will", she has no such protected property interest. *Id.* The plaintiff, having no contract of employment, was employed at-will, and therefore had no claim to continued employment which could give rise to the allegedly infringed due process rights. The plaintiff asserts that the School Employment Procedures Law, codified at Miss.Code Ann. § 37–9–101, provides certain rights to employees required to have a valid certificate issued by the State Department of Education. The plaintiff claims application of the statute by virtue of the fact that she was a "Certified School Business Officer." However, as this court previously noted in *Beasley v. Grenada, Mississippi, Municipal Separate Sch. Dist.*, Civil Action No. WC88–103–B–D (unpublished opinion), the School Employment Procedures Law confers rights only upon a certain class of educators, including teachers, principals and superintendents. Miss.Code Ann. § 37–9–105. Members of the support staff of the school district who are not part of the instructional personnel do not fall within the scope of the Act. Accordingly, the plaintiff may not assert due process rights through the School Employment Procedures Law.

### CONCLUSION

For the foregoing reasons, the court finds that the defendants' motion for summary judgment should be granted. An order will issue accordingly.

case under the standards for the typical "failure to hire" type of racial discrimination.