IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60719
Summary Calendar
_____

BARBARA VANCE,

                                        Plaintiff-Appellant,

versus

NORTH PANOLA SCHOOL DISTRICT;
VERNON JACKSON; W. RAY STREBECK;
JOHN X. DOE; JANE DOE; DOE CORPORATIONS

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
(2:96 - CV - 211 - BB)
- - - - - - - - - -
July 16, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Barbara Vance appeals the district court's grant of summary judgment in favor of the defendants-appellants. Vance argues on appeal that she sufficiently raised genuine issues of material fact in order to survive a motion for summary judgment on her claims of wrongful discrimination under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964.

I.

The plaintiff is a white female who was employed by the North

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Panola School District as the business manager of the school district. The plaintiff did not have a written contract of employment. During the time of the plaintiff's employment, the financial situation of the school district worsened sharply. On February 1, 1996, Vernon Jackson, as superintendent of the school, sent a letter to the plaintiff detailing her deficiencies as an employee and notifying her that her performance must improve. The listed deficiencies included "non-payment of bonds to the superintendent, Vocational Center, and purchasing agent," failure to report unpaid bills over a year old, and failure to provide a monthly statement of receipts to the school district's accounting firm.

On March 7, 1996, the school board met and discussed the plaintiff's employment. On Jackson's recommendation, the board voted to discharge the plaintiff for the reasons set out in the February 1 letter. Her termination took effect on March 8, 1996, the same date that the State of Mississippi took control of the school district and placed it under the conservatorship of Ray Strebeck. The plaintiff subsequently asked Strebeck and R.D. Harris, deputy state superintendent of education, about getting her job back. However, she never applied for the job.

II.

We review the district court's decision to strike lay opinion testimony under an abuse of discretion standard. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). The plaintiff claims that

2

the district court erred in not allowing the affidavit of Kathy Mason into evidence. The Mason affidavit was the plaintiff's primary evidence, both to make out a *prima facie* case of discrimination and to show pretext. The plaintiff relies on the Supreme Court's statement that, "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). While it is true that the evidence need not be presented in a *form* admissible at trial, this court does not allow the admission of pure hearsay or speculation as evidence to avoid summary judgment. *See Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("Evidence inadmissible at trial cannot be used to avoid summary judgment"); *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. Unit A July 1981) (holding that an affidavit for summary judgment purposes must be based on the affiant's personal knowledge). Mason's affidavit contains hearsay and speculation by herself and several other people as to why the plaintiff was fired. As the district court pointed out, none of the people mentioned in the Mason affidavit were involved in any way in the decision to terminate the plaintiff. The district court did not abuse its discretion in refusing to admit the affidavit. The affidavit, even if it were admissible, contains no valid evidence of discrimination by the defendants in this suit.

### III.

We review the district court's grant of summary judgment *de novo. Walton v. Bisco Indus., Inc.*, 119 F.3d 368,370 (5th Cir.

3

1997).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED.R.CIV.P. 56(c).

The law regarding Title VII discrimination suits is clear. The plaintiff must establish a *prima facie* case of discrimination by the defendant.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The defendant may then rebut the presumption of discrimination by presenting evidence of legitimate, non-discriminatory reasons for termination.  *Id.*  The plaintiff then has the burden to show that the defendant(s)' legitimate reasons are a pretext for discrimination.  *Id*. at 804.

Here, the defendants admit, for the purposes of this appeal, that the plaintiff made out a *prima facie* case of discrimination. Assuming that the plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendants to show a legitimate, non-discriminatory reason for firing the plaintiff. The defendants showed inadequate performance by the plaintiff as evidenced by the February 1 letter and by the minutes of the meeting in which the decision to terminate the plaintiff was made. The plaintiff then had to show that the defendants' supposed non-discriminatory reason is a pretext for discrimination.  The plaintiff here has not raised a genuine issue of material fact as to whether the defendants' reason for terminating her was pretextual.  The evidence she offers is a statement allegedly made

4

by Strebeck and/or R.D. Harris. Strebeck allegedly told the plaintiff when they met to discuss her "rehiring" that the local black community would have to be consulted before she was brought back. This statement simply has no bearing on the plaintiff's termination. It was made several weeks after her termination by people not involved in the decision to terminate her. It does not evidence a discriminatory intent by the school board or Jackson. The plaintiff's other evidence is an affidavit by her former attorney Kathy Mason filled with hearsay and speculation as to why the plaintiff was fired. The district court properly ruled this affidavit inadmissible.

*Mayberry v. Vought Aircraft Co.* held that if the defendant in a discrimination case meets his burden of production to rebut the presumption of discrimination, the presumption "drops out." 55 F.3d 1086, 1089 (5th Cir. 1995). The plaintiff cannot simply assert his *prima facie* evidence again to overcome the defendants' legitimate reason. *Id.* at 1092. This plaintiff did not offer any additional evidence of discrimination. This court has held that where the reasons articulated for termination are rational ones (as opposed to frivolous or capricious reasons) whose objective truth is not seriously disputed, it is difficult to carry the burden of establishing them as pretextual, even in a summary judgment context. *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). Therefore, summary judgment was proper.

IV.

5

With respect to the plaintiff's § 1983 claim, her contention is that she has a property interest in continued employment and that her termination violated due process. This court has held that a protected property interest in continued employment must be based on a legitimate claim under a source independent of the Fourteenth Amendment. *McMillian v. City of Hazelhurst*, 620 F.2d 484, 485 (5th Cir. 1980). The plaintiff cites the School Employment Procedures Law, Miss. Code Ann. § 37-9-101 - § 37-9-113, as the source for her rights to a formal hearing before termination. However, the statute declares that "[i]t is the intent of the legislature to establish procedures for providing public school employees with notice of the reasons for *not offering an employee a renewal of his contract...*" MISS. CODE ANN. §37-9-101 (1972). An employee is defined in § 37-9-103 as any personnel required to have a valid certificate issued by the state department of education as a prerequisite of employment.

The plaintiff claims that she was required to have a certificate, although she never produced it. Even if she was a "certified" employee, she did not have a contract of employment; therefore, by its plain language, the statute is inapplicable and does not create a protected property interest. The plaintiff also claims that she had a protected property interest in employment because of a mutually explicit understanding based on the "Rules of Procedure Under the School Employment Procedures Act." However, the "Rules of Procedure" only apply to "teachers, principals, and superintendents...or other professional instructional personnel who

6

are required to have a valid certificate issued by the State Department of Education and are under formal contract of employment..." *North Panola Sch. Dist. Rules of Procedure*, §1. Furthermore, we note that the district court found in *Beasley v. Grenada* that the plaintiff, a food service employee for the Grenada County School District, was part of the support staff of the district and not part of the instructional personnel referred to in [Miss. Code Ann. §37-9-103]. Civil Action No. WC88-103-B-D (N.D. Miss. Oct. 9, 1998). The plaintiff in *Beasley*, like the plaintiff here, had a certificate, but she was not part of the instructional personnel referred to in the statute. Neither the statute nor the Rules of Procedure give the plaintiff a protected property interest in continued employment. Summary judgment on this issue was proper.

For these reasons, we find no reversible error in the district court's order. Therefore, we AFFIRM the judgment of the district court.